# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

-------

No. 17-30137
Summary Calendar

-------

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VINCENT WEST,

Defendant - Appellant

-------

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50085-1

-------

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Vincent West, federal prisoner # 09035-035, was convicted, pursuant to a guilty plea in 2006, of possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and received a below-Guidelines 151-month prison sentence; it was reduced in 2013 to 127 months' imprisonment. He challenges the court's denial of his 18 U.S.C. § 3582(c)(2) motion, filed in 2015, seeking a reduction of his sentence based on Amendment

-------

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30137

782 to the United States Sentencing Guidelines.  In doing so, he claims:  the court made a clearly erroneous assessment of the facts when it concluded he continued to pose a danger to the community; erred by not according more weight to his good behavior while incarcerated; and abused its discretion by denying his motion.

The court's denial of West's § 3582(c)(2) motion is reviewed for abuse of discretion, "its interpretation of the Guidelines *de novo*, and its findings of fact for clear error".  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  In denying a § 3582(c)(2) sentence reduction, "[a] district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence".  *Id.* (internal quotation marks and citation omitted).  If the record shows the court analyzed the motion as a whole and considered the 18 U.S.C. § 3553(a) sentencing factors, even implicitly, there is no abuse of discretion.  *See id.* at 718; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).  This is because § 3582(c)(2) reductions are never mandatory, but rather within the court's discretion "under limited circumstances".  *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).

The record shows the court considered the motion as a whole and considered the 18 U.S.C. § 3553(a) sentencing factors.  The court had before it the motion for reduction, the retroactivity report, and the parties' assertions.  The factors West believes warranted a reduction were presented in the probation officer's report, and therefore considered by the court.  Although the court was not required to provide reasons for denying West's motion, *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), it explained the "motion [was] denied due to the defendant's underlying conduct in the instant offense as well as his being a danger to the community".  West's disagreement with

the court's weighing of factors is insufficient to demonstrate the requisite abuse of discretion. *See Henderson*, 636 F.3d at 718–19.

AFFIRMED.